# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A- 3521-17T2

NEW JERSEY DIVISION OF
CHILD PROTECTION AND
PERMANENCY,

    Plaintiff-Respondent,

v.

N.J.,

    Defendant-Appellant.

_____

IN THE MATTER OF THE
GUARDIANSHIP OF N.A.J., Jr.,

    a Minor.

_____

Submitted December 12, 2018 – Decided December 27, 2018

Before Judges Koblitz and Currier.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Atlantic County, Docket No. FG-01-0006-18.

Joseph E. Krakora, Public Defender, attorney for appellant (Howard B. Tat, Designated Counsel, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Michelle D. Perry-Thompson, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minor (Margo E.K. Hirsch, Designated Counsel, on the brief).

PER CURIAM

Defendant N.J. (Nancy)[1] appeals from a March 23, 2018 Family Part order terminating her parental rights to her daughter N.A.J., Jr. (Nina), who was eight years old at the time of the guardianship trial. We affirm, substantially for the reasons stated by Judge W. Todd Miller in his oral opinion.

The evidence is outlined in detail in the judge's opinion. A summary will suffice here. Nancy argues that the trial court erred in finding that the New Jersey Division of Child Protection and Permanency (Division) proved prongs one and four of the best interests of the child test, N.J.S.A. 30:4C-15.1(a), by clear and convincing evidence. Nancy primarily argues that she cared for Nina

---

[1] We use fictitious names and initials to maintain confidentiality. R. 1:38-3(d)(12).

for approximately seven years, never physically abused or neglected her, and the trial court improperly equated her mental health challenges to harm to Nina.

Throughout the several years of the Division's involvement with Nancy and Nina, Nancy was diagnosed by medical professionals with schizophrenia or schizoaffective disorder, repeatedly refused to seek treatment because she believed that she did not have a mental illness, and consistently falsely claimed that she was pregnant by a man she was never intimately or romantically involved with. Nancy was reported showing her stomach to people, and urinating on herself in a hospital, claiming that her water just broke. Nancy has a history of not appearing at her case management conferences, and she did not appear at trial, refusing to appear telephonically when she was contacted by the judge.

Nancy sporadically attended her supervised visits with Nina and was observed falling asleep, mumbling to herself, and talking to inanimate objects during those visits. Reports also indicated that she did not engage with Nina during these visits. Nina eventually asked for the visits to stop because she did not want to see Nancy. A Division caseworker testified at trial that despite the Division's efforts, Nancy consistently refused services, and the Division's expert found that she was unfit to parent. The expert also found that Nina had not

3

formed a significant bond with Nancy but was strongly bonded to her resource parents. Nina is thriving with her resource family, and both Nina and her resource parents want the adoption to proceed.

In his comprehensive opinion, Judge Miller found that the Division had proven all four prongs of the best interests test, N.J.S.A. 30:4C-15.1(a), and that termination of defendant's parental rights was in the child's best interests. Judge Miller found the first and second prongs of the best interests test were met because Nancy's past and continued failure to address her mental illness has and will continue to endanger her relationship with Nina. The judge added, when discussing the second prong, that Nancy was "hostile, agitated, she operate[d] in another reality." The third prong of the best interests test was met because Nancy did not engage in the services provided by the Division, and her family members were ruled out as placement options due to "lack of willingness or lack of fitness . . . ." The fourth prong of the best interests test was met because Nancy and Nina had an insecure bond, and allowing Nina's resource parents to adopt her would not do more harm than good.

On this appeal, our review of the trial judge's decision is limited. We defer to his expertise as a Family Part judge, Cesare v. Cesare, 154 N.J. 394, 411-12 (1998), and we are bound by his factual findings so long as they are supported

A-3521-17T2

by "'adequate, substantial and credible evidence' on the record." <u>N.J. Div. of Youth & Family Servs. v. M.M.</u>, 189 N.J. 261, 279 (2007) (quoting <u>In re Guardianship of J.T.</u>, 269 N.J. Super. 172, 188 (App. Div. 1993)). After reviewing the record, we conclude that the trial judge's factual findings are fully supported by the record and, in light of those facts, his legal conclusions are unassailable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

5